JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORCORAN TIRE & RECAPPING CO. dba, COMMERCIAL TIRE SALES, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TUFF-BOX STORAGE SOLUTIONS, LLC, an Arizona Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:21-cv-01163-JWH-SHKx<br><br>**ORDER GRANTING MOTION OF PLAINTIFF TO REMAND AND FOR ATTORNEYS' FEES AND COSTS [ECF No. 19]** |

Before the Court is the motion of Plaintiff Corcoran Tire & Recapping Co. ("Commercial Tire Sales") to remand this action to state court and for attorneys' fees and costs pursuant to 28 U.S.C. § 1447, or in the alternative, for transfer based upon improper venue.[1] The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **GRANTS** the Motion, as set forth herein.

## I. BACKGROUND

### A. Factual Allegations

As alleged in the Complaint, Commercial Tire Sales is a wholesale tire dealer and repair shop in Fresno, California.[3] Starting on or about February 10, 2018, and continuing through May 23, 2019, Defendant Tuff-Box Storage Solutions, a household goods and furniture storage business, solicited and ultimately conducted seven transactions with Commercial Tire Sales for the purchase of tires and related goods.[4] The monetary value of those transactions total $105,834.80.[5] However, Commercial Tire Sales alleges that Tuff-Box paid only $29,343.80;[6] thus, Tuff-Box owes Commercial Tire Sales "no less than $76,400.00 plus interest as permitted by law."[7]

---

[1] Pls.' Mot. to Remand (the "Motion") [ECF No. 19].
[2] The Court considered the following papers in connection with the Motion: (1) Defs.' Notice of Removal of Civil Action (including its attachments) (the "Removal Notice") [ECF No. 1]; (2) Pl.'s Compl. (the "Complaint") [ECF No. 1-3]; (3) First Amended Compl. (the "Amended Complaint") [ECF No. 1-1]; (4) the Motion (including its attachments); (5) Defs.' Opp'n to the Mot. (including its attachments) (the "Opposition") [ECF No. 21]; and (6) Pl.'s Reply in Supp. of the Mot. (the "Reply") [ECF No. 27].
[3] Complaint ¶ 7.
[4] Id. at ¶¶ 8 & 9; see also id., Ex. A [ECF No. 1-3].
[5] Id. at ¶ 9.
[6] Id. at ¶ 10.
[7] Id. at ¶ 12.

B. **Procedural Background**

On April 7, 2021,[8] Commercial Tire Sales filed a Complaint in Fresno County Superior Court.[9] It did so under its doing-business-as-name, "Commercial Tire Sales." Commercial Tire Sales caused the Complaint to be served on Tuff-Box two days later.[10] On May 24, Defendant Tuff-Box filed a motion in state court to quash summons.[11] Tuff-Box argued that the summons should be quashed, in part, because "Commercial Tires Sales, Inc." is a dissolved corporation—one which dissolved in 1974.[12] On June 14, Commercial Tire Sales filed an Amended Complaint in state court to resolve the confusion of using its doing-business-as name in lieu of its legal name.[13] In the Amended Complaint, Commercial Tire Sales re-asserted its three causes of action: breach of contract, account stated, and open book accounting.[14] Commercial Tire Sales cause the Amended Complaint to be served on Tuff-Box via certified mail on June 17.[15] On July 13, Tuff-Box responded by removing the action to this Court pursuant to 28 U.S.C. § 1332.[16] Notwithstanding its obligations under the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 81(c)(2)(C), Tuff-Box never filed an answer.

Commercial Tire Sales filed the instant Motion to Remand on August 12, and it is fully briefed.

---

[8]   Unless otherwise indicated, all dates are in 2021.
[9]   *See generally* Complaint.
[10]  Motion 7:17.
[11]  Mot. to Quash [ECF No. 1-3].
[12]  *Id*. at 2-5:8.
[13]  Removal Notice ¶ 2; *see generally* Amended Complaint.
[14]  Amended Complaint ¶¶ 14-23.
[15]  Proof of Service under Fed. R. Civ. P. 5(b)(2)(D) [ECF No. 22].
[16]  Removal Notice ¶ 17.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In every federal case, the basis for federal jurisdiction must appear affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress."  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted).  Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.  *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts."  *Syngenta*, 537 U.S. at 33.  As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331 & 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).  When the litigants are entities, diversity jurisdiction depends on the form of the entity.  *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (finding that an unincorporated association such as a partnership has "the citizenships of all of its members").  Similarly, a limited liability company is a "citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  In contrast, a corporation is a citizen only of (1) the state where its principal place of business is located; and (2) the state in which it is incorporated.  28 U.S.C. § 1332(c)(1).

The right to remove is not absolute, even where original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### III.  DISCUSSION

**A.  Motion to Remand**

Tuff-Box removed the action to this Court on account of diversity of citizenship.[17] Therefore, Tuff-Box bears the burden of establishing that this Court has original subject matter jurisdiction over the action.

Although Commercial Tire Sales neither contests the amount in controversy nor the citizenship status of Tuff-Box or its sole member Robert Tuffy,[18] Tuff-Box immediately fails its burden on the face of its Removal Notice. The statute detailing the procedure for removing civil actions states: "A defendant or defendants desiring to remove any civil action from a State court ***shall*** file in the district court of the United States for ***the district and division within which such action is pending***." 28 U.S.C. § 1446(a) (emphasis added). It is worth reemphasizing that the Supreme Court has long instructed courts to

---

[17]   *Id.*

[18]   Def.'s Mem. of P. & A. in Supp. of Motion to Quash Service of Summons [ECF No. 1-3] 2:9-11.

construe this statute strictly against removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

This lawsuit originated in Fresno County Superior Court. Fresno County lies within the geographical remit of the Fresno Division of the Eastern District of California. And yet, Tuff-Box removed this case to the Eastern Division of the Central District of California, to a court sitting some 270 miles in the wrong direction. Tuff-Box insists that this Court is the correct venue because invoices to the transactions in dispute include an address to a warehouse in Fontana, California,[19] which is geographically located within the Eastern Division of the Central District of California. The Court is unpersuaded for two reasons.

First, out of respect for federalism, the Court finds this question of venue to be a matter properly adjudicated with the appropriate motion and any attendant evidentiary hearings in state court. *See* Cal. Civ. Proc. Code Ann. § 402(b). Relevant here are Commercial Tire Sales's invoices that request that all payments be remitted to "P.O. BOX 11760, FRESNO CA 93775."[20] If the Fontana address is, as Commercial Tire Sales avers, merely a waystation for the shipment of goods, then that fact cast serious doubt on Tuff-Box's claim that the dispute over nonpayment centers in Fontana, California. Rather, it appears far more likely that the dispute arises in Fresno, California—Commercial Tire Sales's principal place of business. *See* Cal. Civ. Proc. Code Ann. § 395.5 (clarifying that "[a] corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated).

---

[19] Opposition 6:9-15.

[20] Amended Complaint, Ex. A [ECF No. 1-1].

Second, California law provides that "[i]f none of the defendants reside in the state . . . the action may be tried in the superior court in any county that the plaintiff may designate in his or her complaint." Cal. Civ. Proc. Code Ann. § 395(a). Because it is undisputed that Tuff-Box is an out-of-state party, it appears that the proper venue would be the location which Commercial Tire Sales set out in its complaint; *i.e.*, Fresno County Superior Court.

Given this defect in Tuff-Box's removal of this case, the question arises whether this Court is required to remand this action or whether it has the power to transfer. That question is subject to a split of authority. *See Shamrock Mfg. Co. v. Ammex Corp.*, 2010 WL 3153976, at *2 (E.D. Cal. Aug. 9, 2010) (noting an absence of binding Ninth Circuit precedent); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739 at 821-24 (4th ed. 2021) (noting a circuit split). But even though some fellow districts courts ***do*** choose to transfer, others do not. *See, e.g.*, *Hampton Pugh Co. LLC v. Monsanto Co.*, 2018 WL 295563, at *4 (E.D. Ark. Jan. 4, 2018); *Maysey v. Craveonline Media, LLC*, 2009 WL 3740737, at *5 (D. Ariz. Nov. 5, 2009). Because the outstanding question of venue is most appropriately resolved in California's courts, this Court declines to transfer to the Eastern District. Instead, the Court finds in its discretion the most appropriate course of action is to **GRANT** Commercial Tire Sales's motion to remand.

B. **Attorneys' Fees**

Commercial Tire Sales seeks a reasonable award of attorneys' fees.[21] In examining this question, a district court may award attorneys' fees if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Tuff-Box certainly had no objectively reasonable basis to seek removal to this Court, given the

---

[21] More accurately, Commercial Tire Sales seeks leave to file an application detailing its attorneys' fees and costs. Motion 9:14-23.

clarity of the removal statues and the widespread availability of maps.  *Accord Unauth. Prac. of L. Comm. v. Thompson*, 2015 WL 13298194, at *3 (W.D. Tex. Nov. 10, 2015) (finding grounds to award attorneys' fees to nonmoving party where the defendant's removal was not only "untimely" but was also "filed in the wrong district court").  Although Commercial Tire Sales's counsel focused the bulk of its brief on the timeliness of the removal, and only in the alternative requested a transfer to the Eastern District, it did raise this procedural defect in its Reply.[22]  Therefore, this Court finds it appropriate to award attorney fees to Commercial Tire Sales.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Court **GRANTS** Commercial Tire Sales's Motion and **REMANDS** this action to the Superior Court of California, County of Fresno.

2. The Court preliminarily **GRANTS** Commercial Tire Sales's request for attorneys' fees.  Commercial Tire Sales is **DIRECTED** to file, no later than February 18, 2022, a motion for an award of attorneys' fees and costs.  The parties are **DIRECTED** to comply with L.R. 7-3.  Commercial Tire Sales's moving papers shall include declarations or other appropriate evidence regarding the attorneys' fees and costs that it incurred.

3. Commercial Tire Sales's request for judicial notice is **GRANTED** as it relates to fact that the Fresno County Superior Court lies within the Eastern District of California.  All other requests for judicial notice are **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: January 25, 2022

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[22]  *See generally* Motion; Reply.